NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

CLEARWATER FINISHING COMPANY,
Respondent.

No. 6861.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 19, 1954.

Decided Nov. 8, 1954.

Frederick U. Reel, Attorney, National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, and Melvin Spaeth, Attorney, National Labor Relations Board, Washington, D. C., on brief), for petitioner.

Frank A. Constangy, Atlanta, Ga., for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

 This is a petition for the enforcement of an order of the National Labor Relations Board which found that the Clearwater Finishing Company had been guilty of certain unfair labor practices and directed it to cease and desist therefrom and to restore with back pay three employees found to have been discriminatorily discharged. Enforcement is resisted on the ground that the Board's findings and order are not sustained by substantial evidence on the whole record. The facts are sufficiently set forth in the Board's order and the report of the trial examiner and need not be repeated here. We think that the findings and order are sustained by substantial evidence on the whole record except with respect to David Timmerman and in that respect we think that it is not so sustained. Timmerman was discharged as the result of an altercation with another employee. That the altercation may have arisen because of Timmerman's advocacy of the union does not sustain the position of the Board, since the employer was within its rights in forbidding union advocacy during working hours. Who was to blame in the altercation is, likewise, beside the point, as the employer had the right to discharge Timmerman because of the altercation whether he was to blame or not, so long as this was the real ground of the discharge and not a mere pretext. The evidence gives no substantial support to the finding that the discharge, which occurred several months after the other discharges found to be discriminatory, was on account of Timmerman's union membership, and we think that the conclusion to that effect must be condemned as speculative.

The findings and order of the Board will accordingly be modified by eliminat-

ing therefrom the findings with respect to Timmerman and the order for his reinstatement; and as so modified it will be enforced.

Modified and enforced.